UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TONY JEROME HENRY,

    Petitioner,

v.       CASE NO. 8:10-CV-802-T-30MAP
    CRIM. CASE NO. 8:06-CR-314-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

Before the Court are Petitioner's reply to Respondent's response (CV Dkt. 8), and amendment to his reply (CV Dkt. 9). It appears from those documents that an individual named Karen Simmons prepared and signed both the reply and amendment to the reply on behalf of Petitioner under a purported "power of attorney." (CR Dkt. 8 at pg. 13; Dkt. 8-1 at pgs. 1-3; Dkt. 9 at pgs. 4-8). Although Petitioner may seek legal assistance from others, this does not mean that a non-attorney may practice law in this Court. Section 1654 of Title 28 of the United States Code, does not allow unlicenced individuals to represent other individuals. "An individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'" *Bar-Navon v. Sch. Bd.*, 2006 U.S. Dist. LEXIS 78408, at *5 (M.D. Fla. Oct. 27, 2006) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). *See also, Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2nd Cir. 1991)

("[Section 1654] does not allow for unlicensed laymen to represent anyone else other than themselves."); Local Rule 2.01(a) (M.D. Fla. 2009) ("No person shall be permitted to appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court pursuant to this rule."). Although Petitioner gave Karen Simmons a power of attorney, the power of attorney does not authorize Simmons to practice law by representing Petitioner. *See Estate of Keatinge v. Biddle*, 316 F.3d 7, 14 (1st Cir. 2002) ("In order to effectively exercise the powers granted to him, the holder of a power of attorney may often need to retain counsel. For example, the holder of a power of attorney is not authorized to appear pro se on behalf of the grantor.").

Accordingly, the Court **ORDERS** that:

1. Petitioner's reply (CV Dkt. 8), and amendment to the reply (CV Dkt. 9), are **STRICKEN**.

2. Petitioner may, on or before, **October 12, 2010**, file a reply to the Government's response. If Petitioner fails to timely file a reply, the Court shall resolve the merits of his § 2255 motion without the benefit of a reply.

**DONE** and **ORDERED** in Tampa, Florida on September 27, 2010.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
Counsel of Record