# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TONY JEROME HENRY,

    Petitioner,

v.                                        CASE NO. 8:10-CV-802-T-30MAP
                                              CRIM. CASE NO. 8:06-CR-314-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("motion") (CV Dkt. 1). After reviewing the Petitioner's motion, Respondent's response (CV Dkt. 7), Petitioner's amended reply (CV Dkt. 14),[1] and the prior proceedings in the underlying criminal case, the Court concludes that this motion should be denied without an evidentiary hearing because it plainly appears from the face of the record that Petitioner is entitled to no relief.

## Background

Petitioner was charged by a Second Superseding Indictment with one count of conspiring to distribute and to possess with intent to distribute at least 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841 and 846; six counts of distributing cocaine base, in

---

[1] Petitioner's reply (CV Dkt. 8), and amendment to his reply (CV Dkt. 9), were stricken because they were signed by an individual, other than Petitioner, who is not a licensed attorney (See CV Dkt. 10).

violation of 21 U.S.C. § 841 and 18 U.S.C. § 2; and one count of maintaining a place for the purpose of distributing crack cocaine in violation of 21 U.S.C. § 856 (CR Dkt. 87).[2] On July 7, 2007, a jury found Petitioner guilty on all counts (CR Dkt. 201). On November 2, 2007, judgment was entered, and this Court sentenced Petitioner to life imprisonment, and 120 months supervised release (CR Dkt. 230).

Petitioner appealed. On January 13, 2009, the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions and sentences (CR Dkt. 328); *United States v. Henry*, 307 Fed. Appx. 331 (11th Cir.) (unpublished opinion), *cert. denied*, 129 S.Ct. 2037 (April 20, 2009).

Petitioner timely filed his motion on April 5, 2010 (CV Dkt. 1). In his motion, Petitioner raised the following claims: 1) "Petitioner's current active sentences of two life sentences without the possibility of parole is 'plain error' disparity"; 2) "Petitioner's counsel was ineffective by the act of failing [sic] by failing to bring forth a [sic] 'adversarial challenge' to the legal sufficiency of the affidavit requesting search warrant"; 3) "Petitioner's counsel was ineffective for failing to move for dismissal of the Oct. 2, 2002 charge based on the statute of limitation defense"; and 4) "Petitioner's Counsel was ineffective by failing to object to prosecution's predetermined mind set of the Defendant's guilt before the jury by way of prosecution's statements." (Id.). Respondent filed a response to the motion on July 23, 2010 (CV Dkt. 7). Petitioner filed his amended reply on October 28, 2010 (CV Dkt. 14).

---

[2]Several others were charged in the Second Superseding Indictment with various crimes (CR Dkt. 87).

2

**Discussion**

**Ground One**

In Ground One of his motion, Petitioner appears to raise a claim of sentencing disparity. Specifically, he appears to assert that his life sentences are a "fundamental miscarriage of justice" because his co-defendants received lesser sentences.

**I.    Petitioner's claim is procedurally defaulted**

A claim is generally procedurally defaulted if it is not raised on direct appeal unless the Petitioner can show cause for the failure to raise it and actual prejudice. *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152 (1982)). Here, Petitioner failed to raise his sentencing disparity claim on direct appeal. He has not made any showing of cause and prejudice, and there is no evidence establishing that he is actually innocent. Consequently, Petitioner's claim is procedurally barred from habeas review.

**II.   Petitioner's claim is without merit**

Even if Petitioner's sentencing disparity claim were not procedurally defaulted, it would be denied because it is without merit. Title 18 U.S.C. § 3553(a)(6) provides that in imposing sentence the court shall consider the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6); *United States v. Docampo,* 573 F.3d 1091, 1102 (11th Cir. 2009). This issue often arises in cases with multiple co-defendants, such as in Petitioner's case. *See Docampo*, 573 F.3d 1091. Petitioner has the burden to establish that "the sentence is

unreasonable in the light of both [the] record and the factors in section 3553(a)." *Docampo*, 573 F.3d at 1103 (quoting *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005)).

In the instant case, Petitioner's co-defendants had a total offense level of either 34 or 36, and a criminal history category of either I or III (See CR Dkts. 238, 244, 245). Petitioner had a base offense level of 36 (CR Dkt. 296 at pg. 8). Petitioner's base offense level, however, was increased 2 levels for his possession of dangerous weapons, and increased 4 more levels for his role as an organizer and leader in a conspiracy involving more than five participants. See PSR at ¶¶ 51, 53. His resulting total offense level as determined by the Court at sentencing was 42 (See CR Dkt. 226). He had a criminal history category of V (Id.). His guideline imprisonment range was 360 months to life imprisonment (Id.). Further, as to his convictions on Counts I and II of the Second Superseding Indictment, the mandatory term of imprisonment was life. See PSR at ¶ 125; (CR Dkt. 296 at pgs. 9-11).[3] Thus, Petitioner's sentence was greater than his co-defendants as a result of the adjustments to his offense level for his leadership role in the conspiracy[4] and the possession of weapons, his extensive criminal history, and the statutory mandatory term of life imprisonment.

---

[3]Petitioner had at least two prior felony drug convictions. See PSR at pgs. 13-16; (CR Dkt. 296 at pg. 9). 18 U.S.C. § 841(b)(1)(A) states in pertinent part that "[i]f any person commits a violation of this subparagraph...after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release..."

[4]*Cf. United States v. Thomas*, 446 F.3d 1348, 1357 (11th Cir. 2006) (stating that longer sentence imposed on organizer or leader of conspiracy, who engaged in coordination efforts of conspiracy to obstruct, delay, or affect commerce by robbery "was well within the bounds of reasonableness").

Petitioner fails to demonstrate that his sentence was disparate to that of other similarly situated defendants. Accordingly, Count One does not merit relief.

**Ground Two**

In Ground Two, Petitioner complains that trial counsel was ineffective in failing to challenge the legal sufficiency of the affidavit supporting a search warrant. In support of his claim, Petitioner asserts that "police relied on information from unnamed informant, had no indication of the informant's truthfulness, or reliability, and had little or no corroboration." (CR Dkt. 1 at pg. 5). Petitioner also asserts that "counsel should have filed a motion to suppress illegally obtained evidence." (Id.)

The standard for assessing a claim of ineffective assistance of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). A claim for ineffectiveness of counsel may be grounds for vacating a conviction if the defendant can show that (1) counsel's performance was deficient and (2) that the deficient performance prejudiced the defendant. *Id*. at 687. Both of these components have to be met. *Id*. For performance to be deficient, it must be established that, in light on all the circumstances, counsel's performance was outside the wide range of professional competence. *Id*. at 690. Additionally, the burden of persuasion is on the petitioner to prove, by a preponderance of the evidence, that counsel's performance was unreasonable. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). The burden of persuasion is high and there is a strong presumption that counsel's performance was reasonable. *Strickland*, 466 U.S.

at 689-90. Furthermore, for a petitioner to show deficient performance, he must establish that no competent attorney would have taken the actions that his counsel did. *Chandler*, 218 F.3d at 1315.

Initially, Ground Two fails because Petitioner's claim is wholly vague and conclusory. He asserts that counsel should have moved to suppress evidence. He does not, however, identify the evidence counsel should have moved to suppress. Further, he does not identify the search warrant that was allegedly supported by a legally insufficient affidavit.[5] Nor does he show any prejudice as a result of the unspecified search warrant because he does not identify the evidence the government obtained as a result of the search warrant. Petitioner's vague and conclusory complaints about his attorney's representation with regard to moving to suppress evidence and failing to challenge the sufficiency of a search warrant affidavit do not support a claim of ineffective assistance of counsel. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

Further, to establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (internal quotation and citation omitted). "[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id*. Petitioner fails to state the basis for either the lack of probable

---

[5]Agent Craig Kailimai's trial testimony shows that multiple search warrants were executed on different dates, i.e., June 2006 and November 2006. (CR Dkt. 302 at pgs. 227, 253).

cause or to suspect that the confidential informant was unreliable. Petitioner's conclusory assertions fail to establish that a valid basis existed to suppress evidence or that his counsel was ineffective for failing to pursue such a basis. See *United States v. Richardson*, 764 F.2d 1514, 1527 (11th Cir. 1985). Consequently, Ground Two is without merit.[6]

**Ground Three**

In Ground Three, Petitioner complains counsel was ineffective in failing to move to dismiss Count Two of the Second Superseding Indictment for violation of the statute of limitations. "The general statute of limitations for noncapital offenses is five years. See 18 U.S.C. § 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.")." *United States v. Gilbert*, 136 F.3d 1451, 1453 (11th Cir. 1998). "Statutes of limitations normally begin to run when the crime is complete." *Id.* (quoting *Pendergast v. United States*, 317 U.S. 412, 418-20 (1943)). Count Two of the Second Superseding Indictment charged Petitioner with distributing crack cocaine on October 2, 2002 (CR Dkt. 44 at pg. 2). The Second Superseding Indictment was returned on November 14, 2006, well within five years of the commission of the charged offense. (Id.). Therefore, there was no statute of limitations problem. "A lawyer cannot be deficient for failing to raise a meritless

---

[6] The Court notes that in Agent Kailimai's Affidavit for Criminal Complaint, Agent Kailimai verified that the informant was "reliable." The Affidavit also indicates there were three separate drug transactions between the informant and Petitioner on September 28, October 3, and October 10, 2005 (CR Dkt. 2). All these transactions occurred prior to the execution of the November 2006 search warrant.

claim [.]" *See Freeman v. Attorney General, State of Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008) (citing *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001)). Accordingly, Ground Three does not warrant relief.

**Ground Four**

In Ground Four, Petitioner asserts counsel was ineffective in failing to object to the prosecutor's prejudicial remarks during closing argument. Specifically, Petitioner asserts that counsel was ineffective in failing to object to the prosecutor's statements that Petitioner is "a crack dealer," that the jury should "tell Defendant Henry, he ain't the man" and that Defendants "worshiped the wrong God. I know who God is, apparently they didn't" because the statements were improper, greatly influenced the jury, and denied him a fair trial.[7]

In some instances, improper closing arguments by a prosecutor may give rise to a prosecutorial misconduct claim. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). It can be reasonably concluded, however, that none of the prosecutor's comments in the instant case so infected the trial with unfairness as to make the resulting conviction a

---

[7]To the extent Petitioner raises a "cumulative effect" claim in his amended reply (see CR Dkt. 14), the claim is barred because it was not raised in his § 2255 motion, and the government would be prejudiced were the Court to consider it. The Eleventh Circuit Court of Appeals stated in *Herring v. Secretary, Dept. of Corrections*, 397 F.3d 1338 (11th Cir. 2005):

> arguments raised for the first time in a reply brief are not properly before a reviewing court. *United States v. Coy*, 19 F.3d 629, 632 n. 7 (11th Cir.1994) (citation omitted); *see also United States v. Whitesell*, 314 F.3d 1251, 1256 (11th Cir.2002) (Court need not address issue raised for first time in reply brief), *cert. denied*, 539 U.S. 951, 123 S. Ct. 2628, 156 L. Ed. 2d 643 (2003); *United States v. Dicter*, 198 F.3d 1284, 1289 (11th Cir.1999) (issue raised for first time in reply brief waived)*; United States v. Martinez*, 83 F.3d 371, 377 n. 6 (11th Cir.1996) (declining to consider arguments raised for the first time in a reply brief).

*Id*. at 1342. See also Rules Governing Habeas Corpus Cases Under Section 2255, Rule 2(b)(2010)("The motion must…specify all the grounds for relief available to the petitioner[.]")(emphasis added). Moreover, none of the prosecutor's comments so infected the trial with unfairness as to make the convictions a denial of due process.

denial of due process. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974); *Cargill v. Turpin*, 120 F.3d 1366, 1379 (11th Cir.1997)(if reviewing court is confident that, absent improper prosecutorial remarks, jury's decision would have been no different, proceeding cannot be said to have been fundamentally unfair, and habeas relief is not warranted).

It is not enough that a prosecutor's comments were undesirable or even universally condemned. *See Cobb v. Wainwright*, 609 F. 2d 754 (5th Cir.), *cert. denied*, 447 U.S. 907 (1980). A petitioner must show the comments so infected the trial with unfairness as to make the resulting conviction a denial of due process. *Darden v. Wainwright*, 477 U.S. 168, 181 (986)(citation omitted). In making this assessment, the reviewing court must consider the allegedly improper comments in the context of both the prosecutor's entire closing argument and the trial as a whole. *Branch v. Estelle*, 631 F. 2d 1229, 1233 (5th Cir. 1980). Among the considerations is the strength of the evidence. *Cobb v. Wainwright*, 609 F. 2d at 756.

Initially, the record shows that objections were made to the prosecutor's statements that Petitioner asserts were inappropriate and prejudicial (See CR Dkt. 303 at pgs. 100-101).[8] Thus, Petitioner cannot show counsel's performance was deficient in failing to object to the statements.

Moreover, in view of the ample evidence which established his guilt of the crimes for which he was found guilty by his jury, any claimed constitutional error in the prosecutor's remarks had no substantial and injurious effect or influence in determining the jury's verdict.

---

[8] Mr. Fernandez, Defendant Jenkins' attorney, raised the objections to the prosecutor's statements (Id.).

*Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Accordingly, there was no resulting prejudice from Petitioner's counsel declining to object to the prosecutor's remarks during closing argument. *See e.g., Chandler v. Moore*, 240 F.3d 907, 914 (11th Cir. 2001)(concluding prosecutorial comments did not rise to fundamental error, and Chandler's counsel could not be deemed ineffective for failing to object to such).

Counsel's failure to interpose an objection to the prosecutor's statements during closing argument was neither unreasonable nor prejudicial and does not amount to constitutionally ineffective assistance of counsel. Thus, Ground Four does not warrant relief.

Accordingly, the Court **ORDERS** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED**.

2. The Clerk is to enter judgment for Respondent, terminate any pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 1, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*
         Counsel of Record